■  BUTTA ENTERPRISES, INC., et al., Appellants, v. MICHAEL NANNARIELLO, Respondent.— In an action by a vendee for specific performance of a contract

830

for the sale of real property and by said vendee and another party for damages, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated October 20, 1971, which denied their motion for partial summary judgment, limited to the specific performance cause of action. Order affirmed, without costs, and without prejudice to plaintiffs' right to renew the motion upon papers in conformity with the views herein set forth. As to the two contracts between the parties, it is our view that plaintiff vendee would be entitled to specific performance of the contract for the sale of the real property, provided (a) said plaintiff would agree to pay the full purchase price and forego any claim to abatement, as well as its claim for alleged damages, and (b) plaintiff Westchester Garage, Inc., agrees to perform all of the terms and conditions of the other contract on its part to be performed. The present record does not make it clear whether plaintiff vendee is willing to accept specific performance upon the conditions above stated. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.